**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSE ULISES MENDOZA, 37292-177, | ) | |
| Petitioner, | ) | |
| v. | ) | **3:10-CV-1083-M** |
| | ) | **3:08-CR-0054-M(02)** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural Background**

On July 8, 2008, Petitioner pled guilty to one count of conspiracy to possess with intent

to distribute and to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846.  On

July 24, 2009, Petitioner was sentenced to seventy-two months imprisonment and four years

supervised release.  On August 17, 2010, the Fifth Circuit Court of Appeals dismissed

Petitioner's appeal as frivolous.

On May 7, 2010, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255.  He

argues he received ineffective assistance of counsel when:

    1.    counsel rushed him through the plea process and told Petitioner he would receive

        a sentence of 36-48 months confinement, rendering his plea involuntary;

    2.    counsel failed to inform the court that Petitioner should receive a sentence

reduction because he had a minor role in the offense; and

3.      counsel failed to move for a downward departure by arguing that prison sentences

are more harsh for deportable aliens.

On August 23, 2010, Respondent filed its response.  On September 3, 2010, Petitioner filed a reply.  The Court finds the petition should be denied.

## II.  Discussion

### Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(A)      **Involuntary Plea**

Petitioner argues his guilty plea was not knowingly and voluntarily entered because his counsel: (1) rushed him through the hearing; and (2) provided him accurate advice by telling him his punishment range was 36 to 48 months in prison.

Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner testified that he read and understood the indictment. (Rearraignment at 11.) He admitted he committed all elements of the offense. (*Id*. at 12.) He testified he read and signed the plea agreement. (*Id*. at 13.) The Court informed Petitioner that he was facing a sentence range of five to forty years, and that the offense would result in his deportation. (*Id*. at 15.) Petitioner stated he read and signed the factual resume and that the facts contained in the factual resume were true. (*Id*. at 18.) Petitioner testified that no one promised him anything outside of the plea agreement in exchange for his guilty plea, and that no one forced him to plead guilty. (*Id*. at 14.) The Court informed Petitioner that the District Court would decide his punishment and that he should not rely on any promise or statement by anyone as to what his sentence would be. (*Id.* at 8.) Petitioner has failed to show his guilty was

involuntary or that he was unaware of his sentence range for the offense.  This claim should be denied.

**(B)      Minimal Role**

Petitioner argues his counsel was ineffective because he failed to move for a downward adjustment under USSG § 3B1.2 based on his minimal role in the offense.  Defense counsel, however, did file objections to the PSR stating that Petitioner should receive a downward adjustment based on his minor role in the offense.  (*See* Defense Objs. at 3.)  At sentencing, Petitioner waived this objection and admitted that between him and his wife, he played the major role in the offense.  (Sent. Tr. at 8-9.)  Given this admission by Petitioner, his claim of ineffective assistance of counsel is without merit.

**(C)      Downward Departure**

Petitioner argues his counsel was ineffective because counsel failed to move for a downward departure by arguing that prison sentences are more harsh for deportable aliens because deportable aliens are not eligible for early release programs at the BOP.

Petitioner, however, has not shown that this was an extraordinary case that would have justified a downward departure based on Petitioner's status as a deportable alien.  *See United States v. Garay*, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000) (stating deportable alien status in itself is insufficient to justify lower sentence absent extraordinary circumstances, which are "highly infrequent"); *United States v. Foote*, 2001 WL 671465 at 3-4 (N.D. Tex. 2001) (rejecting § 2255 claim that counsel should have moved for downward departure because case was not extraordinary).  Additionally, Petitioner has failed to show a substantial likelihood that the Court would have granted a motion for downward departure on this basis.  Petitioner has failed to

establish his counsel was ineffective.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 12th day of October, 2011.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).